FILED
SUPERIOR COURT
2014 SEP 30 PM 3: 36
CLERK OF COURT
BY:

# IN THE SUPERIOR COURT OF GUAM

SHAWN MICHAEL Q. LUJAN,

                            Plaintiff,

        v.

ESTATE OF ISABEL CRUZ SANTOS ROSARIO and ROSA CRUZ PEREZ,

                            Defendant.

---

ESTATE OF ISABEL CRUZ SANTOS ROSARIO,

        Defendant/Third-Party Plaintiff,

        v.

GOVERNMENT OF GUAM,

                Third-Party Defendant.

---

BARBARA C. CAMACHO, individually and BARBARA C. CAMACHO, as the Administratrix for the ESTATE OF THERESE MARIE PEREZ LUJAN

                            Plaintiff,

        v.

**CIVIL CASE NOS. CV 0505-12 and CV 0861-12**

**DECISION AND ORDER**

ESTATE OF ISABEL CRUZ SANTOS
ROSARIO and ROSA CRUZ PEREZ,

Defendant.

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 5th day of September, 2014, for hearing on the Plaintiff Barbara C. Camacho's Motion to Alter or Amend Judgment and the Defendant Estate of Isabel Cruz Santos Rosario's Cross Motion to Alter or Amend the Amended Judgments and the Amended Findings of Fact and Conclusions of Law. Attorney Michael J. Berman represented the Plaintiffs Shawn Michael Q. Lujan and Barbara C. Camacho, and Attorney Phillip Torres represented the Defendant Estate of Isabel Cruz Santos Rosario. For the reasons set forth below, both motions are DENIED.

## BACKGROUND

On July 21, 2010, at the Liberation Day Parade in Hagatna, Guam, a limb of a dead tree fell on Shawn Michael Q. Lujan ("Plaintiff Lujan") and Therese Marie Perez Lujan. Therese was killed by the tree branch and Shawn was injured. On April 26, 2012, Shawn brought suit against the Estate of Isabel Cruz Santos Rosario ("the Defendant") and Rosa Cruz Perez for negligence, alleging that they owned the parcels of land the tree was situated on. On July 18, 2012, Barbara C. Camacho ("Plaintiff Camacho"), Therese Marie Perez Lujan's sister, also brought suit against the Defendants, both as an individual and on behalf of the Estate of Therese Marie Perez Lujan. The parties stipulated to the dismissal of Rosa Cruz Perez as a defendant on November 15, 2012. The Defendant brought a third-party claim against the Government of

Guam, alleging that the tree was at least partly on the Government's land. These matters were consolidated.

On August 16, 2013, the Court granted the Government of Guam's motion for summary judgment on grounds that the Defendant had produced no evidence raising actual or constructive knowledge of a hazardous condition on Government property. A bench trial occurred on October 14, 2013. On February 10, 2014, the Court issued its Findings of Fact and Conclusions of Law, which was amended the next day to reflect the fact that Rosa Cruz Perez was no longer a defendant.

The Court found that Therese Marie Perez Lujan's death and Plaintiff Lujan's injuries were caused by the tree falling on them, that the tree was located in part on land owned by the Defendant, and that the tree was obviously dead at the time it fell. The Court concluded that he Defendant had constructive notice of the dangerous condition of the tree, that the Defendant had was obligated to safeguard against the risk of injury posed by dangerous conditions on the property, and that neither Therese Marie Perez Lujan nor Plaintiff Lujan had assumed the risk of injury nor were contributorily negligent. The Court awarded $133,325.28 to Plaintiff Lujan for medical expenses and pain and suffering. The Court found that Plaintiff Camacho experienced tremendous grief in the wake of Therese's death, but concluded that she had not presented evidence of pecuniary loss and thus was not entitled to recovery under Guam's wrongful death statute.

On February 19, 2014, Plaintiff Camacho moved to alter or amend the judgment on grounds that the court erred in ruling that Plaintiff Camacho could not recover damages for loss of consortium for the death of a sibling. On February 21, the Defendant opposed the motion and filed its own cross motion to alter or amend, arguing that the tree's extension onto the

Defendant's property was *de minimis*, that the tree was not obviously dead and that the Defendant had no actual or constructive knowledge that the tree was dead, that the Defendant lacked a duty, and that the Plaintiffs assumed the risk. The Plaintiffs opposed the cross motion on March 21, arguing that the Defendant had not stated a proper basis for a motion to alter or amend. The Court heard oral argument on the motions on September 5, 2014.

## DISCUSSION

**I. Motions to Alter or Amend**

Rule 59(e) of the Guam Rules of Civil Procedure permits a party to move to alter or amend a judgment within ten days of the judgment's entry. GRCP 59(e). Rule 59(e) motions are only appropriate to final judgments. See Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991). The Court's Amended Judgment was issued February 11, 2014, and the parties' motions were filed on February 19 and February 21. Am. J., Feb. 11, 2014; Pl.'s Mot., Feb. 19, 2014; Def.'s Opp. and Cross-Mot., Feb. 21, 2014. Both motions move to amend a final judgment and are timely.

Rule 59(e) motions may only be made in certain circumstances. They are appropriate if the trial court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Ward v. Reyes, 1998 Guam 1, ¶ 10 (quoting an interpretation of the analogous federal rule in School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 114 S.Ct. 2742 (1994)); see also Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (likewise interpreting Federal Rule of Civil Procedure 59(e)).

Plaintiff Camacho argues that the Court erroneously concluded that a sibling may not recover damages for loss of consortium for the loss of her sibling. Pl.'s Mot. 2, Feb. 19, 2014.

This is an argument that the Court committed a clear error of law. The Defendant does not clearly specify which of the permitted bases the motion falls under. See Def.'s Opp. and Cross-Mot., Feb. 21, 2014.

**II. Plaintiff Camacho's Motion**

In its Amended Findings of Fact and Conclusions of Law, the Court wrote that under Newby v. Government of Guam, a plaintiff in an action for wrongful death may only recover damages for loss of comfort, protection, and society to the extent that the damages constitute a pecuniary loss. Am. Findings of Fact and Conclusions of Law 5, Feb. 11, 2014; Newby v. Government of Guam, 2010 Guam 4 ¶¶ 25-26. Because Plaintiff Camacho did not present any evidence of pecuniary loss, the Court could not award her money damages. Am. Findings of Fact and Conclusions of Law 5 ¶ 7, Feb. 11, 2014. The Court continued to write,

> [t]o the extent that Barbara raises a claim for loss of consortium separate from that implicit in a claim for wrongful death, the Court notes that recovery for loss of consortium at common law was limited to a husband's claim arising out of injuries to his wife…The tort was only recently expanded by some jurisdictions to encompass claims by wives for injuries to their husbands, and even more recently to encompass by parents for injuries to their children or by children for injuries to their parents. Barbara has cited no authority, and the Court can find none, for the novel proposition that loss of consortium damages are available for injuries suffered by a sibling.

Id. at 5 ¶ 8.

The Plaintiff argues that this statement constitutes a clear error of law that is appropriate for alteration or amendment under Rule 59(e). See Pl.'s Mot. 2, Feb. 19, 2014. The Plaintiff offers the following case law: In re Estate of Finley, 601 N.E.2d 699 (Ill. 1992); Crystal v. Hubbard, 324 N.W.2d 869 (Mich. 1982); Leavy v. Yates, 142 N.Y.S.2d 874 (N.Y. Sup. Ct. 1955); Wachocki v. Bernalillo County Sheriff's Dept., 2011-NMCA-039, 265 P.3d 701, 150

N.M. 650 (N.M. 2011); and Levens v. Commercial Union Ins. Co., 485 So.2d 521 (La Ct. App. 1986). Pl.'s Mot. 2-3, Feb. 19, 2014.

Paragraphs seven and eight of the Court's Findings of Fact and Conclusions of Law refer to two different causes of action. Paragraph seven, citing Newby v. Government of Guam, 2010 Guam 4 ¶¶ 25-26, and stating "a plaintiff in an action for wrongful death," addresses loss of consortium as a measurement of damages under Guam's wrongful death statute, codified at 7 GCA § 12109. Am. Findings of Fact and Conclusions of Law 5 ¶ 7, Feb. 11, 2014; see 7 GCA § 12109 (2005); see Newby v. Government of Guam, 2010 Guam 4 ¶¶ 25-26. In contrast, paragraph eight, by referring to "a claim for loss of consortium separate from that implicit in a claim for wrongful death," discusses loss of consortium as a common law tort of negligence, distinct from the wrongful death statute. Am. Findings of Fact and Conclusions of Law 5 ¶ 8, Feb. 11, 2014. Traditionally at common law the tort of loss of consortium was only available to a husband claiming injuries to his wife. See Charles T. McCormick, Damages § 92 (1935). More recently, the tort has expanded in most American states to allow actions by wives to recover damages for loss of consortium due to injuries to her husband. Jacob A. Stein, Stein on Personal Injury Damages § 13:19 (1991). A minority of states also allow for loss of consortium actions by children for injuries to injured parents. Id. at § 13:20.

In contrast, standing to sue under Guam's wrongful death statute is broader, permitting the deceased's "heirs or personal representatives on their behalf" to sue for damages. 7 GCA § 12109(a) (2005). The statute further defines "heirs" as: (1) persons who would be entitled to succeed to the decedent's estate; (2) if dependents of the decedent, spouses, children, stepchildren, and parents; and (3) minors residing in the decedent's household. 7 GCA § 12109(b)(1)-(3) (2005). Plaintiff Camacho, as the sister of the decedent Therese Marie Perez

Lujan, may qualify under subsection (b)(1). The Court does not disagree with Plaintiff Camacho's contention that "a sibling may recover damages for loss of consortium for the loss of her sibling," as applied to recovery pursuant to the wrongful death statute. See Pl.'s Mot. 2, Feb. 19, 2014.

However, the reason Plaintiff Camacho could not recover damages under the wrongful death statute was not a lack of standing, but a limitation on the types of damages permitted. In Newby v. Government of Guam, the Supreme Court interpreted Guam's wrongful death statute to reach "the pecuniary value of society, comfort, and protection that might reasonably be expected had the decedent lived," but not to reach "damages for anguish caused by the death of the decedent." Newby v. Government of Guam, 2010 Guam 4 ¶ 26. Because Plaintiff Camacho only presented evidence of emotional anguish, and did not present evidence of pecuniary loss, the Court could not award her money damages. Am. Findings of Fact and Conclusions of Law 5 ¶ 7, Feb. 11, 2014.

Any error of law identified by Plaintiff Camacho must distinguish between loss of consortium damages in an action under the wrongful death statute, to which siblings may recover, and loss of consortium damages in a tort of negligence. However, four of the five cases cited by Plaintiff Camacho refer to the former category, not the latter one. See In re Estate of Finley, 601 N.E.2d 699, 702 (Ill. 1992) (ruling that a sibling's society is a pecuniary injury for which siblings may recover under Illinois's wrongful death statute); see Crystal v. Hubbard, 324 N.W.2d 869, 880 (Mich. 1982) (ruling that siblings of a deceased person may recover damages for loss of society and companionship under the Michigan wrongful death statute); see Leavy v. Yates, 142 N.Y.S.2d 874, 876 (N.Y. Sup. Ct. 1955) (ruling that a surviving twin may recover damages in an action for wrongful death); see Levens v. Commercial Union Ins. Co., 485 So.2d

521, 522 (La. Ct. App. 1986) (stating in dicta that a sibling may recover under Louisiana's wrongful death statute). In such cases, the scope of standing to sue depends on the statutory language and interpretation. Restatement (Second) of Torts § 925 (1979). Guam's statute permits suits by a decedent's heirs who are entitled to succeed to the decedent's estate. 7 GCA § 12109(b)(1) (2005).

Only one case cited by Plaintiff Camacho refers to the tort of loss of consortium. In Wachocki v. Bernalillo County Sheriff's Dept., the New Mexico Supreme Court ruled that a sibling could recover on a loss of consortium claim, without regard to the wrongful death statute, so long as the plaintiff sibling could prove a "mutual dependence" with the decedent sibling, but that this standard was not met on the particular facts. Wachocki v. Bernalillo County Sheriff's Dept., 2011-NMCA-039, 265 P.3d 701, 704 (N.M. 2011). The New Mexico Supreme Court also noted that many other states have expressly rejected sibling loss of consortium claims. Id.

Plaintiff Camacho has identified one case that stands for what this Court called "the novel proposition that loss of consortium damages are available for injuries suffered by a sibling." Am. Findings of Fact and Conclusions of Law 5 ¶ 8, Feb. 11, 2014. However, the identification of one case from another jurisdiction that effectuated a reform of a longstanding common law principle does not convince this Court that it has made a clear error of Guam law, in the absence of legislation or Supreme Court guidance to the contrary.

### III. Defendant's Motion

The Defendant moves pursuant to Guam Rules of Civil Procedure 52 and 59 to amend the Court's Findings of Fact and Conclusions of Law and the ensuing judgment. Def.'s Opp. and Cross-Mot. 2, Feb. 21, 2014. The basis of the objection is not clearly stated, although the

line "based upon an error in the interpretation of the testimony and the determination of liability," arguably could suggest a basis of clear error, both of fact and of law. Id. The Plaintiffs oppose the cross-motion, arguing that the Defendant has not identified a basis for the motion and is merely seeking relitigation of past matters. Pl.'s Opp. 2, Mar. 21, 2014.

The Defendant argues that, contrary to the Court's finding that the tree was partly on the Defendant's land, any extension of the tree onto the Defendant's land was *de minimis*, could not be reasonably determined by a layperson, and did not appear on the surveyor's map. Def.'s Opp. and Cross-Mot. 2, Feb. 21, 2014. The Defendant likewise disagrees with the Court's finding that the tree was obviously dead. Id. at 3. Lastly, the Defendant disagrees with the Court's finding that the Plaintiffs did not assume the risk. Id.

These arguments do not amount to any of the permitted bases for a Rule 59(e) motion, which are a presentation of new evidence, clear error or manifest injustice, or an intervening change in controlling law. See Ward v. Reyes, 1998 Guam 1, ¶ 10. Instead, the arguments amount to a disagreement with the Court's fact-finding, and adjudicating them would amount to relitigating matters already decided, which is beyond the permitted scope of Rule 59(e). See Demasse v. I.T.T. Corporation, 915 F. Supp. 1040, 1048 (D. Arizona 1995).

## CONCLUSION

For the reasons set forth above, Plaintiff Camacho's Motion to Alter or Amend Judgment and the Defendant's Motion to Alter or Amend the Amended Judgments and the Amended Findings of Fact and Conclusions of Law are both DENIED.

**IT IS SO ORDERED** this day of ___ SEP 3 0 2014 ___.

HONORABLE ARTHUR R. BARCINAS
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
M. Berman;
P. Torres; DMR
Date: 9/30/14 Time: 3:40 p

Deputy Clerk, Superior Court of Guam